TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Rebecca and Todd Edwards

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| Rebecca and Todd Edwards, | Case No.: '19CV2113 LAB LL |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Midland Credit Management, Inc., | **1. THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiffs, Rebecca and Todd Edwards (hereafter "Plaintiffs"), by undersigned counsel, bring the following complaint against Midland Credit Management (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs are adult individuals residing in Alvaton, Kentucky, and are each a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiffs are each a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiffs' alleged obligation arise from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. In January of 2019, Plaintiffs received a letter from Defendant titled "NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW" (the "Letter").

12. Defendant sent the Letter in an attempt to collect a debt from Plaintiffs.

13. The Letter makes the following statements on its face:

   a. ACT NOW: Attorney review may be the next step.

   b. MCM is considering forwarding this account to an attorney in your state for possible litigation . . .

   c. If we don't hear from you or receive payment by 03-09-2019, we may proceed with forwarding this account to an attorney.

   d. If your account goes to an attorney, this may result in a lawsuit against you and flexible options may no longer be available.

3

COMPLAINT FOR DAMAGES

14. In addition, the Letter states, "Here are your options to resolve the debt:" a) "Pay your full balance of $1,903.39", b) "Call us to see how to qualify for discounts and payment plans."

15. Defendant, despite informing Plaintiffs of their right to dispute the validity of the alleged debt on the back of the letter, fails to mention this as an option on the face of the Letter.

16. The Letter is misleading to the least sophisticated consumer, and Plaintiffs were, in fact, mislead into believing that a lawsuit was imminent and felt pressure to make an immediate payment upon receipt of the Letter.

17. Defendant, in crafting the Letter, used the word "attorney" four (4) times on its face.

18. Defendant, in crafting the Letter, used the words "litigation" and "lawsuit" on its face.

19. Defendant, in crafting the Letter, omitted Plaintiffs' option to dispute the alleged debt on the Letter's face.

20. Defendant, in crafting the Letter, intentionally placed meaningful disclosures on the back of the letter, so as to avoid notice by the reader.

21. Defendant's letter, as a whole, overshadowed Plaintiffs' right to dispute the validity of the alleged debt.

22. Defendant's actions caused Plaintiffs a great deal of stress, anxiety, and confusion.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

23. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

25. Defendant attempted to collect a debt from Plaintiffs and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

26. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

28. Defendant overshadowed Plaintiffs' right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692g(b) by pressuring Plaintiffs to make an immediate payment towards such debt before sending Plaintiffs proper written notice of the debt pursuant to 15 U.S.C. § 1692g(a).

29. Defendant engaged in collection activity that overshadowed or was inconsistent with the disclosure of Plaintiffs' right to dispute the alleged debt, in violation of 15 U.S.C. § 1692g(b).

30.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

31.     Plaintiffs were harmed and are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 4, 2019                    TRINETTE G. KENT

By:   /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs,
Rebecca and Todd Edwards